IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OREN JAMES JONES, #1632157 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-1265-N-BK |
| | § | (Consolidated with 3:12-CV-1266-N |
| RICK THALER, Director, TDCJ-CID | § | 3:12-CV-1268-N, 3:12-CV-1269-N) |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed four *pro se* petitions for a writ of habeas corpus under 28 U.S.C. ' 2254, which the Court consolidated. For the reasons that follow, it is recommended that the consolidated petitions be denied.

**I. BACKGROUND**

Petitioner was convicted of aggravated sexual assault of a child and sentenced to 60 years' imprisonment. *State v. Jones*, No. F08-39366 (194th Judicial District Court, Dallas County, Mar. 16, 2010), *aff'd*, No. 05-10-00434-CR, 2012 WL 130612 (Tex. App. -- Dallas, Jan. 18, 2012, pet ref'd). Following sentencing, Petitioner pled guilty (pursuant to plea agreements) to three indictments charging sexual assault of a child, and a fourth indictment charging indecency with a child, and was sentenced to 10 years' imprisonment to run concurrently with each other and with the 60-year sentence. *State v. Jones*, Nos. F08-39365, F08-39368, F08-39369, F08-39372 (194th Judicial District Court, Dallas County, Mar. 16, 2010). Petitioner did not appeal following his guilty plea convictions, and the Texas Court of Criminal Appeals denied his state habeas applications. *See Ex parte Jones*, Nos. WR-77,093-01 through -04 at Action

1

Taken Sheet (Tex. Crim. App. Mar. 21, 2012) (denying applications without written order on trial court's findings).[1]

In these timely federal petitions, Petitioner challenges his guilty plea convictions, claiming insufficiency of the evidence, involuntariness of his guilty pleas, ineffective assistance of counsel, prosecutorial misconduct, lack of jurisdiction and abuse of discretion by the trial court, and actual innocence. (Doc. 3, 9). Respondent argues the petitions are unexhausted and procedurally barred in part, and they fail on the merits. (Doc. 16). Petitioner has not replied.[2]

## II. ANALYSIS

A. **Aggravated Sexual Assault Conviction**

Because the consolidated petitions include claims related to Petitioner's aggravated sexual assault conviction in Case No. F08-39366 (*see* Doc. 3 at 6-9; Doc. 9), direct review of which was not yet final at the time this petition was brought, the Court advised Petitioner of the potential impact of going forward on those claims in this action and granted him an opportunity to withdraw them. *See Castro v. United States*, 540 U.S. 375, 377 (2003). In response, Petitioner has requested "to withdraw all claims specifically related to [his] aggravated sexual assault conviction," in particular that:

> Ground No. (3) He was convicted even though the victim failed to identify him in court as the person who sexually assaulted her;

---

[1] SHCR-01, -02, -03, and -04 refer to the State Habeas Clerk's Record in case numbers WR-77,093-01 through -04. The state records are identical, except for Petitioner's memorandum in support (enclosed with SHCR-01) and minor variations in pagination (SHCR-02 through -04). Thus, the Court refers primarily only to SHCR-01.

[2] While Respondent's *Answer* addresses only the conviction for indecency with a child (initially challenged only in 3:12-CV-1265-N-BK), the Court finds the arguments applicable to all Petitioner's convictions upon guilty plea, as the state and federal petitions are identical.

> Ground No. (4)  His trial counsel was ineffective for failing to file pretrial motions;
>
> Ground No. (5)  His conviction was the result of the prosecutor presenting perjured testimony;
>
> Ground No. (6)  The prosecutor deliberately suppressed the following exculpatory evidence.
>
> Ground No. (8)  The trial court abused its discretion by altering medical records when it instructed the prosecutor to black out portions concerning the victim's STD.
>
> Ground No. (9)  He is actually innocent based on newly discovered evidence of his and the victims [*sic*] work schedules at the time of the offense.

(Doc. 19 at 1-2).

It is recommended that Petitioner's request to withdraw the specific claims related to his aggravated sexual assault conviction in Case No. F08-39366 be granted.³ Thus, only Petitioner's remaining claims are discussed here.

### B. Guilty Plea Convictions

#### a. Unexhausted and Procedurally-Barred Claims

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. ' 2254(b); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a

---

³ Regarding his aggravated sexual assault conviction, the Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Therefore, Petitioner should be diligent in seeking habeas corpus relief in both state and federal court with respect to his aggravated sexual assault conviction, if he chooses to do so.

state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Petitioner did not adequately exhaust his ineffective assistance of counsel claims (that counsel failed to object to a biased juror on the jury panel, investigate alibi witnesses Lavoana Ponto and Steve Wilson,[4] and object to the prosecutor's overly suggestive identification procedure) by presenting them in his state habeas applications. *Compare* Doc. 3 at 6-9 with SHCR-01 at 7-13. Because the claims were not properly presented to the highest court in Texas, Petitioner's failure to exhaust constitutes a procedural default that bars this Court from considering them. *Morris*, 413 F.3d at 491-92; *Ries*, 522 F.3d at 523-24.[5] Moreover, Petitioner has not demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991). It is apparent from review of the record that Petitioner had the opportunity to raise in his state writs all the claims he presents here, and simply failed to do so.

---

[4] While Petitioner raised a failure to investigate claim in his state applications, he did not identify any witnesses. *Id.*

[5] As noted above, Petitioner has withdrawn part of claim 4 (that trial counsel was ineffective for failing to file pretrial motions, namely motions for new trial, to suppress, and for a speedy trial) and claims 5, 6, 8, and 9. (Doc. 19 1-2). Nevertheless, even if not withdrawn, these claims would be unexhausted and procedurally barred.

4

### b. Remaining Claims Lack Merit

Habeas corpus relief is precluded unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. ' 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

<u>Sufficiency of the Evidence</u> (Claim 1)

Petitioner asserts "the quantity and quality of the evidence is factually insufficient to sustain his conviction[s]." (Doc. 3 at 6; Doc. 9 at 4-5). However, his knowing and voluntary guilty pleas waived any challenge to the sufficiency of the evidence. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary"). In addition, the state court's failure to require corroborating evidence of guilt to support Petitioner's pleas does not constitute a cognizable federal constitutional claim. *See Smith v. McCotter*, 786 F.2d 697, 702–03 (5th Cir. 1986); *see also Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (refusing to apply sufficiency of evidence standard to guilty pleas). In any event, as the state habeas court noted,

"each case contain[ed] a judicial confession by the defendant and a judicial confession standing alone is sufficient to support the . . . conviction in each case." SHCR-01 at 65.

Accordingly, Petitioner cannot demonstrate that the state court's decision rejecting these claims was contrary to or an unreasonable application of clearly established federal law. Therefore, Petitioner's first claim fails.

## Voluntariness of Guilty Pleas (Claim 2)

Petitioner asserts his guilty pleas were involuntary and unknowing, and that he did not understand the consequences of his pleas. (Doc. 3 at 6; Doc. 9 at 6). The state habeas court rejected his contentions:

> In taking Applicant's pleas, the Court substantially complied with Tex. Code. Crim. P. Art. 26.13 and, therefore, there is a presumption that the pleas were voluntary and Applicant has the burden of overcoming such a presumption. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Here, as noted above, the Court confirmed that Applicant was not pleading guilty because of force, promises or coercion and that his pleas were voluntary. In addition, through the plea colloquy and the plea papers signed by the Applicant, there was substantial compliance with Tex. Code Crim. P. Art. 26.13. In light of the foregoing, the Court finds that Applicant has not carried his burden of overcoming the presumption that his pleas were voluntary.

SHCR-01 at 65.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is knowing, voluntary, and intelligent if it is done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-50 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to

6

do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

Here, the state court record reflects Petitioner was adequately admonished of the charges, the range of punishment, and the consequences of his guilty pleas. SHCR-01 at 73; SHCR-02, -04 at 33; SHCR-03 at 31. He signed written admonishments stating that he waived his constitutional rights associated with a trial and that he was guilty of the charged offenses. SHCR-01 at 74-75; SHCR-02, -04 at 33-35; SHCR-03 at 31-33. Petitioner also executed written judicial confessions to the charges against him. SHCR-01 at 76; SHCR-02, -04 at 34, 36; SHCR-03 at 34. These official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985) (citations omitted). In addition, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

The state court's factual findings that Petitioner's pleas were voluntary are entitled to a presumption of correctness which must be rebutted by the presentation of clear and convincing evidence. *See* 28 U.S.C. ' 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence"). Petitioner only offers his assertion that his guilty pleas were coerced and entered under duress because he pled guilty shortly after he was sentenced to sixty years' imprisonment in the aggravated sexual assault case. (Doc. 3 at 6; Doc. 9 at 6). He contends that defense counsel hurriedly forced him to plead guilty, so he had inadequate time to collect himself and comprehend the plea bargains. (Doc. 9 at 6). Largely because it is contradicted by the record of the plea hearings, as outlined above, the Court

finds that Petitioner's assertion falls short of the clear and convincing evidence required to rebut the state court's findings.

Petitioner cannot overcome the presumption of correctness afforded the state court's findings; thus, the Court concludes that the state court's denial of this claim was a reasonable application of federal law. Accordingly, Petitioner's second claim also fails.

<u>Ineffective Assistance of Counsel</u> (Claim 4)

Next, Petitioner contends defense counsel rendered ineffective assistance in several respects.[6] The Court reviews ineffective-assistance-of-counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of ' 2254(d).'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). To establish ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In determining whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Premo v. Moore,* ___ U.S. ___, 131 S. Ct. 733, 741 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). To establish prejudice in the context of a guilty plea, Petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That means Petitioner bears the burden of demonstrating that "there is a reasonable probability

---

[6] Petitioner has withdrawn his claim that counsel was ineffective for failing to file pretrial motions. (Doc. 19 at 1-2).

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### Coerced Guilty Plea

Petitioner asserts his trial counsel was ineffective because counsel coerced him to plead guilty by forcing him to sign plea agreements just minutes after a jury sentenced him to sixty years' imprisonment in his aggravated sexual assault case. (Doc. 9 at 6). Relying on the guilty plea colloquy (during which Petitioner denied being forced or coerced to plead guilty) and defense counsel's affidavit (which denied pressuring or coercing Petitioner into the plea agreements), the state habeas court found *inter alia* that trial counsel's affidavit was credible and that he "did not coerce [Petitioner] into pleading guilty in any of the four cases." SHCR-01 at 62-63. The state court's findings of fact, including the credibility determinations, are entitled to a presumption of correctness because Petitioner does not rebut them by clear and convincing evidence. *See* 28 U.S.C. ' 2254(e)(1). A state habeas court can generally resolve conflicts in affidavits where, as in this case, the judge who presided at trial also presides at the habeas hearing.[7] *Amos v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995). Therefore, in light of the voluntariness of his guilty pleas and the trial court's credibility determination, Petitioner cannot establish that the state court's adjudication of this claim was in any way unreasonable.

### Failure to Investigate Alibi Witnesses

Petitioner also asserts his attorney was ineffective for failing to investigate alibi witnesses. (Doc. 9 at 9). The state habeas court rejected this claim as conclusory because Petitioner had not named any witnesses. SHCR-01 at 64. Notwithstanding the fact that

---

[7] The state habeas applications were sworn under penalty of perjury and, thus, they had the same effect as an affidavit.

9

Petitioner now identifies two alibi witnesses, Lavoana Ponto and Steve Wilson, the claim is waived by his voluntary guilty pleas. *See Smith,* 711 F.2d at 682.[8] Even if the claim survives waiver, it fails because Petitioner cannot establish prejudice. He merely argues that an adequate investigation of Ms. Ponto and Mr. Wilson could or would have uncovered an alibi and that the victim was not telling the truth. (Doc. 9 at 9). Petitioner, however, has not shown that further investigation would have created a reasonable probability that he would have insisted on pleading not guilty and proceeding to trial. Therefore, he fails to establish that the state court's adjudication of this claim was unreasonable.

<u>Failure to Communicate and Appear at Pretrial Hearing</u>

Lastly, Petitioner alleges his attorney was ineffective for failing to appear at two court hearings, and to communicate with him throughout his criminal proceedings. (Doc. 3 at 9; Doc. 9 at 10-11). The state habeas court rejected the first claim, finding Petitioner did "not identify the two court appearances that were allegedly missed by counsel nor d[id] he explain how, assuming the truth of the allegations, his case was prejudiced." SHCR-01 at 64. While Petitioner now mentions a first examining trial and a protective order hearing (Doc. 9 at 11), his allegations are still conclusory. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (holding that a claim of ineffective assistance of counsel must be stated with specificity, and " allegations" and "generalized assertions" of error will not suffice); *Ross* v. *Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (mere conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding). Even if his claim survives, it lacks merit. In light of the voluntariness of his guilty pleas, Petitioner cannot establish that any alleged

---

[8] The Court noted, above, that this claim is unexhausted and procedurally barred as to Ms. Ponto and Mr. Wilson.

deficiency resulting from counsel's failure to appear at the two pretrial hearings prejudiced the outcome of his case.

Regarding the alleged failure to communicate, the state habeas court noted "that, at the plea hearing, [Petitioner] stated he was satisfied with counsel's representation." *See* SHCR-01 at 64. The state court also concluded, relying on counsel's affidavit, that counsel "fully discussed and advised [Petitioner] regarding the state's plea bargain offers." *Id.* Petitioner offers nothing to rebut the state court's factual findings. *See* 28 U.S.C. ' 2254(e)(1).

In summary, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the guilty plea proceedings. The state court's denial of relief on this ground was a reasonable application of federal law. Accordingly, the fourth claim likewise lacks merit.

## Trial Court Lacked Jurisdiction (Claim 7)

Lastly, Petitioner claims the trial court lacked jurisdiction to accept his guilty pleas and assess punishment because no jury was impaneled. (Doc. 3 at 7; Doc. 9 at 15-16).[9] However, because the Court has found that Petitioner voluntarily pled guilty, waiving his right to a jury trial, *see* SHCR-01 at 72-75, this claim fails. The state court's denial of relief on this ground was a reasonable application of federal law.

## Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing. (Doc. 9 at 23). However, "review under ' 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v.*

---

[9] The state habeas court did not issue findings on this claim. Nevertheless, "' 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *See Richter*, 131 S. Ct. at 785.

11

*Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's request to withdraw all claims related to his aggravated sexual assault conviction in Case No. F08-39366 be **GRANTED**, and that his remaining claims all be **DENIED**.

SIGNED May 10, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

13