IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OREN JAMES JONES, #1632157** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:12-CV-1265-N-BK |
| § | | (Consolidated with 3:12-CV-1266-N |
| **RICK THALER, Director, TDCJ-CID** § | | 3:12-CV-1268-N, 3:12-CV-1269-N) |
| Respondent. § | | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case.  No objections were filed.  The District Court reviewed the proposed Findings, Conclusions, and Recommendation for plain error.  Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate.  Petitioner's request to withdraw all claims related to his aggravated sexual assault conviction in Case No. F08-39366 is **GRANTED**, and the consolidated petitions are **DENIED** on the merits.[1]

The Clerk of the Court is **directed** to open for administrative purposes, in connection with the claims related to the aggravated sexual assault conviction, a new habeas action under 28 U.S.C. § 2254 (NOS 530 directly assigned, per Special Order 3-250, to the same District Judge and Magistrate Judge), and to close the same on the basis of this order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United

---

[1] With respect to his aggravated sexual assault conviction, the Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.

States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

SO ORDERED this 7th day of June, 2013.

UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.